UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE ZIMMERMAN, an individual; and CHRISTINA AST, an individual; and CYNTHIA HAEHNEL, an individual; and MARGARET SMARR, an individual; and AMBER SCHAEFFER, an individual; and MICAH BURR, an individual; and SARAH BEAM, an individual; and JUSTIN SYRING, an individual; and REBECCA LAUGHLIN, an individual; and LILIYA DUDIK, an individual; and GEORGE ALLEN, an individual; and VICTORIA FISHER, an individual; and MELLISSA KOLB, an individual; and ALIVIA VEGA, an individual; and KAREN F. WICKEN, an individual; and AMY MAKARENKO, an individual; and AMY ELIZABETH REED, an individual; and KAREN BRANCH, an individual; and ANNA MEADOWS, an individual; and MICHAEL ROGEN, an individual; MARIA O'NEILL, an individual; E ISHA MORENO, an individual; JOHN DOES 1-400; and JANE DOES 1-400 | CASE NO.: <br><br> COMPLAINT – CLASS ACTION FOR DAMAGES, AND INJUNCTIVE AND DECLARATORY RELIEF <br><br> JURY DEMAND |
| Plaintiffs, <br><br> v. <br><br> PEACEHEALTH, a non-profit corporation, LIZ DUNNE, President and Chief Executive Officer at PeaceHealth, RICHARD DeCARLO, Executive Vice President and Chief Operating Officer at PeaceHealth, STEVE GLENN, Executive Vice President and Chief Administrative Officer, SARAH NESS, | |

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF
AND FOR DAMAGES

> Silent Majority Foundation
> 5238 Outlet Dr.
> Pasco, WA 99301

Executive Vice President, People and Culture of PeaceHealth, SCOTT FOSTER, Chief Executive, PeaceHealth Medical Group, MICHELLE JAMES, RN, Senior Vice President for Patient Care Services and Chief Nursing Officer, DOUG KOEKKOEK, MD, Chief Physician and Clinical Executive, CHARLES PROSPER, MSPT, MBA, Chief Executive, Northwest Network,

Defendants.

# I.  INTRODUCTION

1.      Plaintiffs have suffered religious discrimination at the Defendants hands through Defendants' implementation and enforcement of its COVID-19 vaccine mandate policy **[NAME]** ("Policy"), which mandated a COVID-19 vaccine as a condition of employment. While the Policy on its face allowed individuals to claim religious exemptions and receive accommodations, PeaceHealth denied all of these requests. Moreover, the Policy required Plaintiffs to receive a drug that is in clinical investigation stages in the COVID-19 vaccines.

2.      Through the Policy, Defendants offered a sliver of hope that Plaintiffs and would be accommodated, but in the end, every Plaintiff's request was flatly rejected resulting in the placement of indefinite leave without pay, resulting in the Plaintiffs arising every day with the hope that they can return to work and retiring at night having had no opportunity to return to work.

3.      Through the Policy, Defendants mandated a vaccine that was, and remains authorized through an Emergency Use Authorization ("EUA") granted by the by the United States Federal Drug Administration ("FDA") under Section 564(b)(1)(C) ((21 U.S.C. 360bbb-3)) of the Food Drugs and Cosmetics Act ("FD&CA").[1]

---

[1] The Pfizer BioNTech vaccine was granted EUA authorization December 12, 2020, and the authorization has been reissued 18 times since. https://www.fda.gov/emergency-preparedness-and-response/mcm-legal-regulatory-and-policy-framework/emergency-use-authorization#vaccines. Last accessed: December 10, 2022.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 1

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

## II. **PARTIES**

4.        Defendant **PEACEHEALTH** is a not-for-profit healthcare system headquartered in Clark County, WA recognized as tax-exempt pursuant to Section 501(c)(3) of the Internal Revenue Code.

5.        PeaceHealth touts a mission of "carry[ing] on the healing mission of Jesus Christ by promoting personal and community health, relieving pain and suffering, and treating each person in a loving and caring way."[2] Notably, "At PeaceHealth, the fulfillment of our Mission is our shared purpose."[3]

6.        Defendant LIZ DUNNE is the President and Chief Executive Officer of PeaceHealth.

7.        Defendant RICHARD DECARLO is the Executive Vice President and Chief Operating Officer of PeaceHealth.

8.        Defendant STEVE GLENN is the Executive Vice President and Chief Administrative Officer of PeaceHealth.

9.        Defendant SARAH NESS is the Executive Vice President, People and Culture of PeaceHealth.

10.        Defendant SCOTT FOSTER, MD is the Executive, PeaceHealth Medical Group.

11.        Defendant MICHELLE JAMES, RN is the Senior Vice President for Patient Care Services and Chief Nursing Officer of PeaceHealth.

12.        Defendant DOUG KOEKKOEK, MD is the Chief Physician and Clinical Executive of PeaceHealth.

---

2 *PeaceHealth at a Glance*. Available at: https://www.peacehealth.org/sites/default/files/2022-07/System_PeaceHealth-at-a-Glance-2022-FINAL.pdf. Last accessed: December 7, 2022.
3 *Id.*

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 2

13.        Defendant CHARLES PROSPER, MSPT, MBA is the Chief Executive Northwest Network of PeaceHealth.

14.        Plaintiff, **JAMIE ZIMMERMAN**, is a Registered Nurse in the PeaceHealth Southwest Medical Center in the PeaceHealth System.  She submitted a signed, written request for an exemption and accommodation from PeaceHealth COVID-19 Vaccine Requirement Policy, but PeaceHealth refused to provide a reasonable accommodation.  She was put on administrative leave on September 1, 2021, which expired December 31, 2021.  This administrative leave was reviewed and reinstated on December 17, 2021, March 25, 2022, June 23, 2022, August 30, 2022, and November 30, 2022. The next review will occur on February 28, 2023. Ms. Zimmerman worked as a Registered Nurse for PeaceHealth For nearly 20 years beginning in July of 2002 and regularly received positive reviews. For approximately 12 years, Ms. Zimmerman declined the flu vaccine for religious reasons. The hospital accommodated this denial by withholding the name tag sticker that indicated whether the employee had received a flu shot and by requiring that she wear a mask, along with the ordinary measures used in hospitals to prevent the transmission of communicable diseases such as hand washing between patients.  After the COVID-19 vaccine became mandatory, her religious objection was accepted but not accommodated.  The loss of Ms. Zimmerman's employment at PeaceHealth has severely impacted her and her family's financial, physical, and emotional well-being. She received a right to sue letter from the Employment Opportunities Commission ("EEOC") on September 13, 2022.

15.        Plaintiff, **CHRISTINA AST**, worked as a charge nurse at St. John Medical Center in the PeaceHealth System.  She submitted a written, signed request for an exemption and accommodation from PeaceHealth COVID-19 Vaccine Requirement Policy, but PeaceHealth refused to provide a reasonable accommodation.  She was put on administrative leave on September 1, 2021, which expired December 31, 2021.  This administrative leave was reviewed

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

and reinstated on December 17, 2021, March 25, 2022, June 23, 2022, August 30, 2022, and November 30, 2022. The next review will occur on February 28, 2023.  Ms. Ast was hired on March 9, 2008, and has never received a negative review or been disciplined while at PeaceHealth.  Years prior to the pandemic Ms. Ast declined the flu vaccine for medical reasons. The hospital accommodated this denial by withholding the name tag sticker that indicated she had gotten a flu vaccine, and by requiring that she wear a mask, along with the ordinary measures used in hospitals to prevent transmission of communicable diseases such as hand washing between patients.  No such medical exemptions were allowed for the experimental COVID-19 vaccines. On a daily basis in the between-shift huddles, it was made clear to all employees that no medical exemptions would be granted and it was stated that without exception everyone needed to be vaccinated. After being denied a medical exemption for the COVID-19 vaccine, Ms. Ast prayed and fasted about getting the vaccine.  She felt no peace about it and so submitted a religious exemption which was accepted but not accommodated resulting in unpaid administrative leave.  Ms. Ast's family relies on her employment for health insurance, mortgage payment, food, caring for family and retirement. The loss of her employment has a severe impact on Ms. Ast and her family's financial, physical, mental and emotional well-being.  Her recent mortgage was based in part upon her income.  This loss has meant that she and her husband have not been able to afford an eye exam to get a new prescription for over a year.  This impacts her husband's ability to do his job. Additionally, the loss of retirement benefits and the need to use savings has had a dramatic impact to her retirement plans.  Additionally, to make ends meet, her ailing mother has had to move in with them. This stress has impacted her marriage and other relationships negatively.  She received a right to sue letter from the EEOC on September 19, 2022.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 4

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

16.       Plaintiff CYNTHIA HAEHNEL is an LPN at the PeaceHealth Cardiology Clinic in Bellingham, WA. Cynthia Haehnel submitted a signed written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. She was put on administrative leave on September 1, 2021, which expired December 31, 2021.  This administrative leave was reviewed and reinstated on December 17, 2021, March 25, 2022, June 23, 2022, August 30, 2022, and November 30, 2022. The next review will be in February 28, 2023. Years prior Ms. Haehnel declined the flu and other vaccines for medical reasons.  The hospital accommodated this denial by withholding the name tag sticker that indicated she had gotten a flu vaccine, and by requiring that she wear a mask, along with the ordinary measures used in hospitals to prevent transmission of communicable diseases such as hand washing between patients. After her medical exemption was denied as it applied to the COVID-19 vaccine, she learned that fetal tissue was used in the development of each of the vaccines and so submitted a religious objection.  This objection was accepted, but not accommodated, resulting in unpaid administrative leave.  Cynthia Haehnel's family relies on her employment for health insurance as well as for helping to pay for education expenses for her daughter. The loss of Cynthia Haehnel's employment has severely impacted Plaintiff Haehnel and her family's financial and physical well-being. This loss of active employment has been difficult mentally. Cynthia had hoped to end her career in the PeaceHealth Cardiology clinic. Cynthia was in a serious motorcycle accident versus a semi-truck in her youth. When Cynthia attempted to get into nursing school they did not want to allow her admittance, as they said Cynthia was "too crippled" to do the job. She persisted and was accepted into nursing school. Cynthia worked with one M.D. who would call her gimpy. She managed to work 28 years in cardiology clinics. Cynthia's last job at PeaceHealth was ideal for her and her disabilities. She had her own office in which she kept a box under her desk on which to elevate

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

her impaired leg. Without elevating her leg between patients, it would have been very difficult to walk at the end of the day.

17.      Plaintiff MARGARET SMARR is a registered nurse at PeaceHealth St. John's medical center in the PeaceHealth system. Ms. Smarr submitted and signed, in written form, for an exemption and accommodations from PeaceHealth's mandatory COVID-19 Vaccination Policy which was accepted on August 27, 2021. PeaceHealth then threatened to revoke my religious exemption unless I filled out a different form by October 18, 2021.  PeaceHealth refused to provide reasonable accommodation. Ms. Smarr and her family had recently moved and relied on her contribution in order to pay for bills, mortgage, school loan debt, and health insurance for the family. She was about 7 months pregnant at time of being placed on unpaid leave. The sudden single month notice that she would lose both her income and health insurance necessary to support her growing family caused stress for the whole family. There were large amounts of anxiety around getting coverage for the birth, OB/gyn visits, postpartum care, and newborn/well child appointments coming quickly. What was supposed to be an exciting life event turned into a fearful and stressful one. She also faced harassment from coworkers on her unit before her forced unpaid leave. It was mentally exhausting having to defend herself, being called selfish, having the understaffing being blamed on her when she went into nursing to help people and wanted to continue working. Meanwhile she tried to communicate with HR, management, and the nurses union about accommodations so that she could continue to provide patient care but was flat out refused any accommodations to continue working. She found herself locked from her work email and when she tried to contact her manager to gain access to her communications with HR, she learned the manager had quit and someone new had taken over. Ms. Smarr felt abandoned by her employer, and lost her trust in the PeaceHealth system. She has spent years of her life dedicated to becoming a nurse and is scarred from the actions PeaceHealth

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 6

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1   took without regard to her or to the employees unvaccinated, unaccommodated employees (like

2   her), and to the remaining PeaceHealth employees who are left in an understaffed environment.

3   18.     Plaintiff AMBER SCHAEFFER is a Maintenance Painter in the PeaceHealth

4   Southwest Medical Center in the PeaceHealth System. Amber Schaeffer submitted a signed,

5   written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19

6   Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Amber

7   Schaeffer's family relies on her employment for health insurance as well as for paying family

8   bills & financial assistance for her 82-year-old mother. The loss of Amber Schaeffer's

9   employment has severely impacted her and her family's financial, physical & medical well-

10  being, it has destroyed her life, cost her the apprenticeship she was enrolled in & left for

11  PeaceHealth. The refusal to accommodate her valid medical exemption has wiped out all her

12  savings, put her in debt, made her totally dependent on another person for survival, caused so

13  much stress that it caused a potentially deadly heart condition that further crippled her finances

14  & ability to function in any way, giving her panic attacks, and nightmares.

15  19.     Plaintiff MICAH BURR is a Registered Nurse at PeaceHealth St. John Medical

16  Center in the PeaceHealth System and has worked there for over 16 years. Micah submitted a

17  signed, written request for an exemption and accommodation from PeaceHealth's Mandatory

18  COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable

19  accommodation. Micah is the sole income and provider for his family. His family relies on his

20  employment for health insurance as well as all day-to-day living expenses and paying all the bills

21  for the entire family. The loss of Micah's employment has placed a severe financial burden on

22  him and his family. This employment loss has also had a direct impact on his mental and

23  emotional well-being.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 7

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

20.        Plaintiff SARAH BEAM is a Surgical/ OB Technologist in the PeaceHealth St. Joseph Medical Center in the PeaceHealth System. Sarah Beam submitted a signed, written request for an exemption and accommodation from Peacehealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Sarah Beam's family relies on her employment for medical benefits as well as for expenses for the four children. The loss of Sarah Beam's income has severely impacted her family's financial and mental well-being.

21.        Plaintiff JUSTIN SYRING is a Registered Nurse in the PeaceHealth St. John Medical Center in the PeaceHealth System. Justin Syring submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Justin Syring's family relies on his employment for health insurance and to support his family financially. The loss of Justin Syring's employment has severely impacted his and his family's financial and physical well-being. He has endured being strung along by the hospital, especially after learning N95 masks were being used (he has been fit tested and requested the option to wear N95 masks at work as his accommodation) instead of the then-used standard surgical masks but has not been contacted by HR except to be told he could not be accommodated and that his exemption approval has been extended. Financial uncertainty and inability to pay for college for a career change has caused added mental stress. Due to the prolonged leave without pay, he will not have the minimum yearly nursing hours required to maintain his license and will be ineligible to work as a Registered Nurse after 03/25/23 which is causing greater financial and emotional stress.

22.        Plaintiff REBECCA LAUGHLIN is a Visiting RN at PeaceHealth Sacred Heart Home Health in the PeaceHealth System. Rebecca Laughlin submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 8

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Policy, but PeaceHealth refused to provide a reasonable accommodation. Rebecca Laughlin relies on her employment for health insurance as well as for paying living expenses, rent, and bills for herself. The loss of Rebecca Laughlin's employment has severely impacted her financial and emotional well-being as the sole income provider for herself, which currently consists of 15 months of lost wages and benefits.

23.     Plaintiff LILIYA DUDIK is a Registered Nurse at the PeaceHealth Southwest Medical Center in the PeaceHealth System. Ms. Dudik submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Ms. Dudik's family relies on her employment for health insurance as well as for paying education expenses for her son. The loss of her employment has severely impact her and her family's, financial and physical well-being.

24.     Plaintiff GEORGE ALLEN is a Stationary Engineer in the PeaceHealth Southwest Medical Center in the PeaceHealth System. Mr. Allen submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Mr. Allen's family relies on his employment for health insurance, and maintenance.

25.     Plaintiff VICTORIA FISHER is a Charge Nurse in the PeaceHealth St. John Medical Center in the PeaceHealth System. Ms. Fisher submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Ms. Fisher's family relies on her employment for health insurance and general financial maintenance. The loss of her employment has severely impacted her and her family's, financial and physical well-being.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 9

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

26.      Plaintiff MELLISSA KOLB is a Cath Lab RN in the PeaceHealth Southwest Medical Center in the PeaceHealth System. Ms. Kolb submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Ms. Kolb's family relies on her employment for health insurance as well as general family maintenance. The loss of her employment has severely impact her and her family's, financial and physical well-being.

27.      Plaintiff ALIVIA VEGA is a House supervisor in the PeaceHealth St. Joseph. Medical Center in the PeaceHealth System. Alivia Vega submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation for her religious exemption. Alivia's family relies on her employment for health insurance as well as for supporting her family. The loss of Alivia Vegas employment has severely impacted her and her family's, financial and physical well-being.

28.      Plaintiff KAREN F. WICKEN is a Registered Nurse in the PeaceHealth St. Johns Medical Center in the PeaceHealth System. Karen F. Wicken submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Being the sole provider, Karen F. Wicken's family relies on her employment to live, health insurance as well as for paying education expenses for her daughter. The loss of Karen F. Wicken's employment has severely impacted her and her family's financial, physical and emotional well-being.

29.      Plaintiff AMY MAKARENKO is a surgical technologist at PeaceHealth Southwest Medical Center. Ms. Makarenko submitted a written request for religious exemption and accommodation and got approved but PeaceHealth refused to provide a reasonable accommodation. Ms. Marenko's family relied on her income for insurance and to help pay the

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 10

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

mortgage and car payment.  The loss of Ms. Marenko's employment has severely impacted her and her family's financial, physical and emotional well-being.

30.      Plaintiff AMY ELIZABETH REED is an RN in the PeaceHealth Southwest Medical Center in the PeaceHealth System.  Amy Elizabeth Reed submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Administrative leave without pay has impacted her financially and emotionally.  Ms. Reed is the primary provider for her family, and has had to support her family by savings she was planning on using for retirement, as well as having to take distributions from her retirement accounts at Fidelity to survive.  She is close to retirement age but being in good health, had planned to work a few more years to accomplish a comfortable retirement. Now she is unsure of the future. Social Security will barely cover her financial needs and most of her savings are depleted.

31.      Plaintiff KAREN BRANCH is a Laboratory Assistant at the Peace Health Southwest Washington Medical Center in the Peace Health System. Karen Branch submitted a signed, written request for an exemption and accommodation from Peace Health's Mandatory COVID-19 Vaccination Policy, but Peace Health refused to provide a reasonable accommodation. The loss of Karen Branch's employment has severely impact her and her family's, financial, physical, mental and emotional well-being.

32.      Plaintiff ANNA MEADOWS is a Certified Nursing Assistant in the Peace Health System. Anna Meadows submitted a signed, written request for an exemption and accommodation from Peace Health's Mandatory COVID-19 Vaccination Policy, but Peace Health refused to provide a reasonable accommodation. Ms. Meadow's family relies on her employment for health insurance, mortgage payment, food, caring for family and retirement. The

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 11

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

loss of Anna Meadows employment has severely impact her and her family's, financial and physical well-being.

33.     Plaintiff MICHAEL ROGEN is an emergency department Registered Nurse at PeaceHealth St. Johns Medical Center in the PeaceHealth System. Michael submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy but PeaceHealth refused to provide a reasonable accommodation. Michael's family relies on his employment for health insurance as well as for paying living expenses for his children. The loss of Michael's employment has severely impacted him and his family's financial and physical well-being. Michael also suffered significant mental and emotional distress due to his inability to provide for his family and household as its sole financial provider for the foreseeable future. In addition to the emotional and mental burden this put on Michael because of the reasons mentioned above, he also suffered significantly due to his dedication to his community and the people whom he had worked with for many years.  Michael received the Covid-19 vaccine, under duress, so that he could return to work in an overwhelmed and understaffed department.

34.     Plaintiff MARIA O'NEILL is a CMA in the PeaceHealth Southwest Medical Center, in the PeaceHealth System. Maria O'Neill submitted a signed, written request for an exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Maria's family relies on her employment for health insurance and contributing to monthly expenses. The loss of Maria's employment has severely impacted her and her family's, financial and physical well-being. Emotionally her state of mind and has resulted in decreased confidence. She is unable to obtain employment in the medical field, even with professional education, training, and certification,

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 12

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

due to the vaccine mandate. Ms. O'Neill's age presents a compounding issue for new employment.

35.     Plaintiff EISHA MORENO was a Certified Medical Assistant in the PeaceHealth Southwest Medical Center in the PeaceHealth System and worked there for nearly eight years prior to her placement on administrative leave without pay. Moreno submitted a signed, written request for a medical exemption and accommodation from PeaceHealth's Mandatory COVID-19 Vaccination Policy, but PeaceHealth refused to provide a reasonable accommodation. Moreno had previously been granted medical exemptions from PeaceHealth's flu vaccine requirement, whereby she would wear a mask; nonetheless, PeaceHealth denied the Moreno's medical exemption request. Moreno subsequently sought, and received, a religious exemption, which was granted on September 1, 2021, but PeaceHealth refused accommodations under the exemption. Prior to her placement on leave, Moreno experienced a hostile work environment whereby she was treated poorly for her unvaccinated status. Moreno's family relies on her employment for health insurance as well as for paying education expenses for her son. The loss of Eisha Moreno's position has severely impact her and her family's, financial and physical, emotional and mental health well-being.

36.     "JOHN DOES 1-400" are all individuals with similar or substantially similar situations and claims to those made by Plaintiff whose identities shall be provided as appropriate and the Caption and Complaint amended accordingly.

37.     "JANE DOES 1-400" are all individuals with similar or substantially similar situations and claims to those made by Plaintiff whose identities shall be provided as appropriate and the Caption and Complaint amended accordingly.

///

///

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 13

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

### III.   JURISDICTION AND VENUE

38.         Venue is proper in the Western District of Washington as Defendant PeaceHealth's principal place of business is 1115 SE 164th Avenue Vancouver, in Clark County, Washington.

39.         This Court has jurisdiction over Plaintiffs' 28 U.S.C. § 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1376.

40.         This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

41.         This Court is authorized to grant Plaintiffs' prayer for a temporary restraining order and preliminary and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

42.         This Court is authorized to grant Plaintiffs' prayer for relief regarding damages pursuant to Rule 54 of the Federal Rules of Civil Procedure and the supplementary laws of the State of Washington, as applicable under Fed. R. Civ. P. 69.

43.         This Court is authorized to grant Plaintiffs' prayer for relief regarding damages, including treble damages under the Washington Law Against Discrimination ("WLAD"), Revised Code of Washington ("RCW") 49.60.

44.         This Court is authorized to grant Plaintiffs' prayer for relief regarding costs and expenses, including reasonable attorneys' fees, pursuant to the Washington Law Against Discrimination.

### IV.   FACTS

***PeaceHealth had no authority to mandate an Emergency Authorized experimental product under 21 U.S.C. 360bbb.***

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

45.     Because of the emergence of the novel corona virus, SARS CoV2 ("COVID-19"), three separate vaccines have been developed to purportedly prevent COVID-19.

46.     Congress has given the Food and Drug Administration ("FDA") the authority to issue Emergency Use Authorization ("EUA") of unapproved drugs during a pandemic.

47.     Unapproved Drugs are drugs that are still in the clinical investigation stage as defined under 21 C.F.R. §312.3 and have not become approved under 21 C.F.R. §355. U.S.C. §360bbb-3(a)(2)(A).

48.     Though EUA drugs may be offered to people in a pandemic, Congress expressly retained the right of individuals the option to accept or refuse administration of the product. 21 U.S.C. §360bbb-3(e)(1)(A)(i)(III).

49.     Congress also gave the Secretary of the Department of Health and Human Services ("HHS") alone the duty to determine "the consequences, if any, of refusing administration of the product." 21 U.S.C. 360bbb-3(e)(1)(A)(i)(III).

50.     The HHS Secretary has not made forfeiting employment a consequence of refusing the EUA authorized vaccines. On the contrary, all the vaccine information fact sheets for all EUA vaccines products for COVID-19 in the FAQ section explicitly says "Under the EUA, it is your choice to receive or not receive the vaccine. Should you decide not to receive it, it will not change your standard medical care."[4]

51.     The HHS Secretary lacks the authority to condition employment on receipt of an EUA vaccine pursuant to 45 C.F.R. 46(A), the Common Rule for the Protection of Human Subjects, and the principles.

///

---

[4] Food and Drug Administration, Fact Sheet for Recipients and Caregivers Emergency Use Authorization (EUA) of the Pfizer-Biontech COVID-19 Vaccine to Prevent Coronavirus Disease 19 (COVID-19) In Individuals.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 15

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

52.      The Belmont Report is clear: "if there is any element of research in an activity, that activity should undergo review for the protection of human subjects."[5] The Belmont Report uses the term "beneficence," which it defines, in part, as "Persons are treated in an ethical manner not only by respecting their decisions and protecting them from harm, but also by making efforts to secure their well-being."

53.      The Belmont Report further addresses the importance of informed consent, providing that "It may be that a standard of "the reasonable volunteer" should be proposed" and further noting that "there is widespread agreement that the consent process can be analyzed as containing three elements: information, comprehension and voluntariness."[6]

54.      The Belmont Report further provides, "Even when some direct benefit to them is anticipated, the subjects should understand clearly the range of risk and the voluntary nature of participation."

55.      Under the EUA, 21 U.S.C. 360bbb-3(e)(1)(A)(iii) and (B)(iii), the Secretary is required to monitor adverse events and collect information regarding safe and effectiveness making clear that there is an element of research attached to the issuance of an EUA.

56.      Both the Common Rule and the Belmont Report require legally effective informed consent before administering an investigational drug.

57.      Legally effective informed consent must be voluntary and cannot include coercion or undue influence.[7] The report explains that "[u]njustifiable pressures usually occur when persons in positions of authority or commanding influence – especially where possible sanctions are involved – urge a course of action for a subject.

---

5 The Belmont Report, at 4, April 17, 1979, available at https://www.hhs.gov/ohrp/regulations-and-policy/belmont-report/read-the-belmont-report/index.html.
6 *Id.* at 7.
7 *Id.* at 7.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 16

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

58.     PeaceHealth knew that legally effective informed consent is freely given. The first line of its Acknowledgement form given to patients receiving the vaccine state: "I made the choice to get the COVID-19 vaccine on my own and freely," yet PeaceHealth asserted "unjustifiable pressure" by *requiring* the vaccine for continued employment. Unquestionably, an employer hanging continued employment over an employee's head constitutes a "sanction," and a significant one at that.

59.     PeaceHealth knew or should have known that the vaccine would not stop infection and transmission **before** it rolled out the vaccine mandate as the CDC statements on the vaccine's ineffectiveness were publicly available.[8]

60.     The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer-BioNTech COVID-19 Vaccine ("Pfizer Vaccine") for individuals 16 years of age and older, on December 11, 2020.[9]

61.     On August 23, 2021, less than a year later, the FDA gave the Pfizer vaccine under the name Comirnaty full approval, though none of the approved product came to market in 2021.[10] Moderna was granted an EUA for its COVID-19 Vaccine ("Moderna") on December 17, 2020,[11] and full approval under the name Spikevax on January 31, 2022.[12]

62.     On February 27, 2021, the single shot Johnson and Johnson COVID-19 Vaccine ("Janssen Vaccine") was granted an EUA.[13]

---

8 *See:* ¶¶ 53 and 71.
9 *FDA Takes key action in fight against COVID-19 By Issuing Emergency Use Authorization for First COVID-19 Vaccine*, FDA, https://www.fda.gov/news-events/press-announcements/fda-takes-key-action-fight-against-covid-19-issuing-emergency-use-authorization-first-covid-19 (last visited October 20, 2022.
10 *Pfizer-BioNTech COVID-19 Vaccines*, FDA, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccines (last visited October 20, 2022).
11 *Moderna COVID-19 Vaccine Frequently Asked Questions*, FDA, https://cacmap.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccine-frequently-asked-questions. (last visited October 20, 2022).
12 *Moderna COVID-19 Vaccines*, FDA, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/moderna-covid-19-vaccines (last visited October 20, 2022).
13 *FDA Issues Emergency Use Authorization for Third COVID-19 Vaccine*, https://www.fda.gov/news-events/press-announcements/fda-issues-emergency-use-authorization-third-covid-19-vaccine (last visited October 20, 2022).

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 17

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

63.    When these EUA's and approvals were issued, there was no study done to verify that the vaccines stopped infection or transmission as the following statements by the FDA in meetings to grant EUA and/or approval status demonstrate.

A.  "The lack of data on how the vaccine impacts asymptomatic infection and viral shedding was also pointed out and that this should be addressed prior to study unblinding."[14]    However, Pfizer unblinded the group anyway.[15]

B.  "Effect on asymptomatic infection and infectiousness –Other designs needed."[16]

64.    On July 30, 2021, a report was posted on the Center for Disease Control and Prevention ("CDC") website discussing how the Delta infection resulted in similarly high SARS-CoV-2 viral loads in vaccinated and unvaccinated people. High viral loads suggest an increased risk of transmission and raised concern that vaccinated people can transmit the virus. This finding was a pivotal discovery leading to CDC's updated mask recommendation. The masking recommendation was updated to ensure the vaccinated public would not unknowingly transmit virus to others, including their unvaccinated or immunocompromised loved ones.[17]

65.    On August 6, 2021 the director of the CDC, Rochelle Walensky stated to Wolf Blitzer that, "Our vaccines are working exceptionally well. . . . They continue to work well for

---

14 162nd VACCINES AND RELATED BIOLOGICAL PRODUCTS ADVISORY COMMITTEE SUMMARY MINUTES, https://www.fda.gov/advisory-committees/advisory-committee-calendar/vaccines-and-related-biological-products-advisory-committee-december-10-2020-meeting-announcement, https://www.fda.gov/media/144958/download, December 10, 2020, accessed October 18, 2022.
15 See Discussions by FDA regarding EUA for Moderna.
16 Steven Goodman, MD, MHS, PhD, Considerations for placebo-controlled trial design if an unlicensed vaccine becomes available, p. 20, VRBAC, https://www.fda.gov/advisory-committees/advisory-committee-calendar/vaccines-and-related-biological-products-advisory-committee-october-22-2020-meeting-announcement#event-materials, https://www.fda.gov/media/144582/download, December 17, 2020, accessed October 18, 2022.
17 Brown CM, Vostok J, Johnson H, et al. Outbreak of SARS-CoV-2 Infections, Including COVID-19 Vaccine Breakthrough Infections, Associated with Large Public Gatherings — Barnstable County, Massachusetts, July 2021. MMWR Morb Mortal Wkly Rep 2021;70:1059-1062. DOI: http://dx.doi.org/10.15585/mmwr.mm7031e2, accessed October 18, 2022.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 18

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Delta, with regard to severe illness and death – they prevent it. But what they can't do anymore is prevent transmission."

66.     Additionally, PeaceHealth had a COVID-19 outbreak originating from a patient including "fully" vaccinated individuals.[18]

67.     Based on these and other statements by officials in the Federal Government, evidence from the drug companies, and other studies, and its own experience that the vaccines were <u>not effective</u> in stopping the transmission of COVID-19, PeaceHealth knew or should have known that the vaccine could not stop transmission, and that despite vaccination status, the use of Personal Protective Equipment ("PPE") and other countermeasures would be required for all staff (vaccinated and unvaccinated alike) to prevent infecting patients. PeaceHealth demonstrated this conclusion by requiring the use of additional PPE for even the vaccinated staff. The additional requirements of PPE for vaccinated staff demonstrates that PeaceHealth knew of or questioned the ineffectiveness of vaccine ceasing transmission of COVID-19.[19]

68.     On information and belief despite knowing the vaccine did not stop infection and transmission, PeaceHealth required infected, but vaccinated workers to return to work because of the staffing shortages caused by the vaccine mandate in contradiction that the mandate was intended to protect patients. Additionally, because PeaceHealth did not require regular testing or proof of testing for COVID-19 for all PeaceHealth employees, it allowed asymptomatic individuals who had COVID-19 to work without additional limitations beyond.

///

///

---

[18] Wochnick, Meg, *PeaceHealth COVID outbreak traced to patient; 3 of 4 infected workers unvaccinated*, published in the Columbian, July 19,2021, 12:50pm. *https://www.columbian.com/news/2021/jul/19/peacehealth-covid-outbreak-traced-to-patient-3-of-4-infected-workers-unvaccinated/*

[19] PeaceHeatlth's COVID-19 Vaccine Information, available at: https://www.peacehealth.org/about-peacehealth/safety. Last accessed 12/11/2022.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 19

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

*PeaceHealth was acting as a trial run for the State of Washington's vaccine mandate*

69.      On information and belief, PeaceHealth agreed to be a test case for the vaccine mandate for health care workers issued by Governor Jay Inslee.[20]

70.      On or about August 3, 2021, PeaceHealth announced it would be requiring all employees to be fully vaccinated on or about September 1, 2021, as a condition of employment.[21]

71.      A spokesperson of the hospital said, "This was a wrenching decision, a difficult decision. But at the end of the day our primary ethical decision is to keep our patients safe. We didn't have a choice but to take this hard stance. . .. I'm proud of the fact that we are one of the first to take this stance."[22]

72.      On August 9, 2021, Jay Inslee issued Proclamation 21-14 which required all health care workers in Washington to be vaccinated by October 18, 2021.

73.      On information and belief, though Governor Inslee's Proclamation purportedly allowed for religious accommodations to the vaccine requirement, neither PeaceHealth nor the Governor intended to grant accommodations. The Governor's desire to withhold or limit exemptions for religious persons was evidenced by correspondence between his General Counsel, Ms. Kathryn Leathers, and the Washington Attorney General's office, where Ms.

---

20 *See: Proclamation By the Governor 21-14, Amending Proclamation 20-05: COVID-19 Requirement*. Available at: https://www.governor.wa.gov/sites/default/files/proclamations/21-14%20-%20COVID-19%20Vax%20Washington%20%28tmp%29.pdf. Last accessed: December 10, 2022.
21 *PeaceHealth Requires COVID-19 Vaccination*. Available at: *https://www.governor.wa.gov/sites/default/files/proclamations/21-14%20-%20COVID-19%20Vax%20Washington%20%28tmp%29.pdf*. Last accessed: December 11, 2022.
22 Azar, Kellee, KATU Staff, PeaceHealth is SW Washington puts hundreds on leave who aren't vaccinated, published Friday September 3, 2021, https://komonews.com/news/local/peacehealth-in-sw-washington-puts-hundreds-on-leave-who-arent-vaccinated.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 20

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

Leathers stated, regarding the COVID-19 vaccine shots: "Exemptions: medical for sure; and religious (if we have to; if yes, as narrow as possible)."[23]

74.     On information and belief, the State of Washington and PeaceHealth worked together to devise an accommodation process that was purely pretextual and would provide cover to discriminate against religious adherents with sincerely held beliefs that prevented them from being vaccinated.

75.     On information and belief, PeaceHealth has long had a requirement for the flu vaccine, but has allowed religious objectors to opt out with a simple declination after viewing a video. The accommodation required the objector to wear a surgical mask except while eating in the break room and the withholding of a name tag sticker which indicated an individual had received the flu vaccine.

76.     Those with medical exemptions to the flu vaccine or other vaccines were required to have a doctor's verification of exemption and were then granted the same accommodation.

77.     With the implementation of the COVID Vaccination policy, PeaceHealth implemented a new procedure for claiming a religious accommodation which included a much more intrusive questionnaire and investigation.

78.     On information and belief, PeaceHealth originally required a letter requesting accommodation, which had to be requested before the September 1, 2021, deadline.

79.     After the September 1, 2021 deadline, PeaceHealth required all employees who had requested a religious exemption to fill out a new form with the threat of revoking the religious exemption already granted.  The due date for this new form was October 18, the same deadline for vaccination of Healthcare workers instituted by Governor Jay Inslee.

---

23 Kruse, Brandi. *Emails: State sought to make religious vaccine exemption 'as narrow as possible.'* Available at: https://www.q13fox.com/news/emails-state-sought-to-make-religious-vaccine-exemption-as-narrow-as-possible. August 24, 2021.  Last accessed December 11, 2022.  Leathers' emails reproduced as Exhibit 6.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 21

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

80.     This questionnaire and investigation was very similar to the questionnaire and investigation implemented by State agencies throughout Washington State.

81.     Additionally, medical exemptions were declined, including routine or common exemptions that PeaceHealth had accommodated prior to emergence of COVID-19.

82.     Ultimately, PeaceHealth granted zero religious accommodations and all employees seeking religious accommodations were required to use Paid Time Off ("PTO"). Once the employee expended PTO, (s)he was placed on unpaid administrative leave ("Leave"). These employees remain on Leave and cannot return to work unless and until: (1) they become "fully" vaccinated against COVID-19; or (2) PeaceHealth rescinds its policy requiring "full" vaccination against COVID-19 as a condition of employment. All benefits were suspended, including 401k contributions and matching.  This unpaid administrative leave and suspension of benefits continues to be extended despite Governor Inslee ending the state of emergency on October 31, 2021.[24]

83.     During the pendency of the exemption process many of the employees were harassed, bullied, and subjected to a hostile work environment. Unvaccinated employees were often viewed and treated as though they were a danger to others even though the information provided by the State and Federal Government clearly indicated that the vaccines failed to cease transmission of COVID-19. Comments from managers included, "you're putting a nail into your own coffin if you're not taking a COVID vaccine! No one will hire you."

///

///

///

///

---

[24] https://www.governor.wa.gov/news-media/inslee-announces-end-remaining-covid-19-emergency-orders-and-state-emergency-october-31

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

***PeaceHealth could have Accommodated Unvaccinated Employees with a de minimis burden***

84.    Until PeaceHealth put all unvaccinated employees on unpaid administrative leave, PeaceHealth employees had been working throughout the pandemic, over a year and a half, using PPE and other countermeasures.

85.    By July 27, 2021the CDC acknowledged that "preliminary evidence suggests that fully vaccinated people who do become infected with the Delta variant can spread the virus to others."[25]

86.    With the CDC's admission that vaccination against COVID-19 does not cease transmission of the disease, PeaceHealth could have adopted alternative COIVD-19 countermeasures that had worked previously and allowed the unvaccinated workers left on staff at no extra expense for the hospital.

87.    PeaceHealth never imposed a vaccine mandate upon the patients themselves.

***Plaintiffs' Asserted Sincerely Held Religious Beliefs***

88.    Plaintiffs all have sincerely held religious beliefs that precluding each from complying with PeaceHealth's Mandatory COVID-19 Vaccination Policy as each vaccine has a connection with the use of cell lines of aborted fetuses (in their origination, production, development, or testing).

89.    A fundamental component of Plaintiffs' sincerely held religious beliefs is that all life is sacred, from the moment of conception to natural death, and that abortion is a grave sin against God and the murder of an innocent life.

///

---

[25]Centers for Disease Control and Prevention, COVID-19, Interim Publi8c Health Recommendations for Fully Vaccinated People, https://web.archive.org/web/20210728032236/https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 23

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1

# V.   <u>CLASS ALLEGATIONS</u>

2
3
90.        Plaintiffs bring this class action under Federal Rules of Civil Procedure 23(b)(2)

4
on behalf of themselves and a class of all other persons similarly situated PeaceHealth

5
employees, including those on active status and those on administrative leave.

6
91.        Plaintiffs seek to represent the following class:

7
8
9
> All PeaceHealth employees who are or will be placed on administrative leave
> without pay or terminated by PeaceHealth as an accommodation to a request
> for a seeking a religious or medical exemption and accommodation to
> PeaceHealth's COVID-19 vaccine requirement.

10
92.        All Plaintiffs are adequate representatives of the proposed class.

11
93.        The proposed class satisfies the requirements of Rule 23(a)(1) because the class is

12
so numerous that joinder of all members is impracticable.

13
14
94.        Upon information and belief, there are at least eight hundred (800) PeaceHealth

15
employees that currently fit within the class. The precise number and identification of the class

16
members will be ascertainable from PeaceHealth's records during discovery.

17
95.        There are common questions of law and fact and common claims to all members

18
of the class that satisfy the requirements of Rule 23(a)(2) and (3). Those common questions and

19
claims include, but are not limited to, the following:

20
21
   a.   Did PeaceHealth comply with federal and state law when it indiscriminately

22
        denied religious exemption and accommodation requests *en masse*?

23
   b.   Did PeaceHealth comply with federal and state law when it informed the

24
        Plaintiffs that while their exemptions were finally "approved," it would be an

25
        "undue hardship" on PeaceHealth for them to keep their current positions,

26
        irrespective of any alternative safety measures that Plaintiffs are willing to

27
28

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 24

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

undertake, and that other healthcare employers in Washington and throughout the country allow their employees to undertake?

c.  Did PeaceHealth comply with its obligations under federal law to engage in the interactive process when responding to each exemption request?

d.  Did PeaceHealth violate federal and state law when it refused Plaintiffs and others exemption requests premised on the link between the vaccines and abortion?

e.  Did PeaceHealth provide an adequate mechanism for requesting and obtaining a religious exemption through the "interactive" exemption, accommodation, and appeal processes when Plaintiffs and others had limited time to appeal PeaceHealth's decision and to provide medical and personal history, and PeaceHealth continued deny them based on the lack of "evidence-based criteria"?

f.  Did PeaceHealth violate federal and state law when it pressured its employees to accept vaccination against their religious beliefs by posting their jobs and recruiting their replacements; and when it removed employees from the November work schedule, even as their appeals were supposedly still pending?

g.  Plaintiffs' claims are typical of the claims of the class because they, like the class members, requested exemptions and accommodations from the Mandatory COVID-19 Vaccination Policy and PeaceHealth denied those requests.

h.  For the same reason, Plaintiffs will fairly and adequately protect the interests of the class.

i.  The question of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating Plaintiffs' claims. Joinder of all members is impracticable.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 25

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

96.     The proposed class meets the adequacy requirements of Federal Rule of Civil Procedure 23(a)(4), because the claims of the representative Plaintiffs are typical of the claims of the class. The representative Plaintiffs seek the same relief as the other members of the class—namely, an order declaring Defendants' denial of accommodations to Plaintiffs' religious requests for exemption/accommodation to Defendants COVID-19 vaccine mandate and enjoining Defendants from prohibiting Plaintiffs' from on-site employment at each Plaintiffs' respective PeaceHealth facility, and the related damages. Plaintiffs will defend the rights of all proposed class members fairly and adequately.

97.     The proposed class is represented by the Silent Majority Foundation ("SMF") which has been litigating individual and mass tort litigation on behalf of individuals seeking religious accommodations from workplace COVID-19 mandates throughout Washington. SMF is also currently seeking class certification on behalf of 245 members of the United States Coast Guard challenging the United States government's COVID-19 mandate in the Southern District of Texas (*Bazzrea v. Austin*, 3:22-cv-265 (SDTX, filed July 25, 2022)).

98.     The Members of the class are readily ascertainable through Defendants' records.

99.     The proposed class also satisfies Federal Rule of Civil Procedure 23(b)(2) as Defendants have acted on grounds generally applicable to the class by unlawfully discriminating against Plaintiffs religious beliefs. Defendants have also unreasonably delayed in allowing Plaintiffs to return to work. Injunctive and declaratory relief is thus appropriate with respect to the class as a whole.

## VI.     FIRST CLAIM FOR RELIEF

### (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)

100.    Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

101.    Plaintiffs are members of a protected class based on their religious beliefs.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 26

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

102.     Plaintiffs' sincerely held religious beliefs conflict with the PeaceHealth's COVID-19 vaccine mandate.

103.     When Plaintiffs raised religious objections to taking the COVID-19 vaccine based on sincerely held beliefs, PeaceHealth failed to make a good faith effort to accommodate Plaintiffs' religious beliefs.  Such accommodations would be required a *de minimis* effort, would not have been an undue hardship to PeaceHealth, and would have allowed Plaintiffs to continue working with PPE, regular testing, and other countermeasures to protect against the spread of COVID-19, as was done for over a year and a half before the imposition of the COVID-19 vaccine mandate.

104.     Instead of finding a reasonable accommodation or set of accommodations for Plaintiffs, PeaceHealth engaged in a series of adverse employment actions which continue to this day.

105.      As a direct and proximate result of the aforesaid complained of conduct and violation of Title VII, each respective Plaintiff sustained pecuniary and non-economic injuries in an amount that exceeds $75,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

106.     Plaintiffs have filed and are filing charges with the EEOC complaining of these discriminatory actions, accompanied by attorney-requested immediate right to sue, which is expected imminently. This Court may exercise its equity jurisdiction to grant preliminary injunctive relief to preserve the status quo pending completion of the EEOC's administrative process. *See e.g., Sheehan v. Purolator Courier Corp.,* 676 F.2d 877, 884 (2d Cir. 1981); *Drew v. Liberty Mut. Ins. Co.,* 480 F.2d 69, 74 (5th Cir. 1973); *Bailey v. Delta Air Lines, Inc*., 722 F.2d 942, 944-45 (1st Cir. 1983).

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 27

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VII.   SECOND CLAIM FOR RELIEF
**(PeaceHealth exceeded authority under Emergency Use Authorization statute. 21 U.S.C. 360bbb)**

107.      Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

108.      The authority to determine consequences for not receiving an EUA product rests solely with the Secretary of Health and Human Services pursuant to 21 U.S.C. 360bbb-3(e)(1)(A)(i)(III).[26]

109.      The Secretary of Health and Human Services did not make the loss of a job one of the consequences for refusing an EUA vaccine.

110.      In fact, because under the EUA unapproved products, by definition, are investigational drugs, the principles of the Belmont Report and the protection Human subjects must apply pursuant to 42 U.S.C. 289 and The Common Rule under 45 CFR 46.

111.      Pursuant to 45 CFR 46(a)(1), legally effective informed consent must be obtained before an experimental product can be administered to an individual.  Such informed consent cannot be obtained under circumstances of coercion or undue influence.

112.      The vaccine mandate and subsequent unpaid leave of individuals was an attempt by PeaceHealth to coerce consent for an experimental product.

113.      Such coercion is contrary to ethical principles of medical care and Plaintiffs have a right to be free of such coercion.

## VIII.   THIRD CLAIM FOR RELIEF
**(Unlawful Employment Discrimination Based on Religion in Contravention of the Washington Law Against Discrimination RCW 49.60)**

114.      Plaintiff realleges all paragraphs above and below as if fully set forth herein.

---

26 "Appropriate conditions designed to ensure that individuals to whom the product is administered are informed . . . of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks." 21 U.S.C. 360bbb-3(e)(1)(A)(i)(III).

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 28

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

115.     Plaintiffs are members of a protected class based on their religious beliefs.

116.     Plaintiffs' sincerely held religious beliefs conflict with the PeaceHealth's COVID-19 vaccine mandate.

117.     When Plaintiffs raised religious objections to taking the COVID-19 vaccine based on sincerely held beliefs, PeaceHealth failed to make a good faith effort to accommodate Plaintiffs' religious beliefs; rather, PeaceHealth took a universal approach to "accepting Plaintiffs' religious objections" while disclaiming the ability to accommodate the requests.  It would not have been an undue hardship to have allowed Plaintiffs to continue working with PPE, regular testing, and other countermeasures to protect against the spread of COVID-19, as was done for over a year and a half before the imposition of the COVID-19 vaccine mandate.

118.     Instead of finding a reasonable accommodation or set of accommodations for them, PeaceHealth engaged in a series of adverse employment actions, which continue to this day.

119.     As a result of PeaceHealth's violation of RCW 49.60 Plaintiffs have each lost more than one year's worth of wages and benefits in an amount to be determined at trial.

### IX.     FOURTH CLAIM FOR RELIEF
#### (Wage Theft in Contravention of RCW 49.48)
Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

120.     The term "wages" is liberally defined under Washington Law and includes, without limitation, vested pension rights.

121.     Pension rights are vested upon the commencement of employment in Washington State and were vested in some or all of the Plaintiffs.

122.     The Plaintiffs were wrongfully deprived of their wages, including pension rights, and are entitled to repayment of such wages.

///

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 29

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

## X.   FIFTH CLAIM FOR RELIEF
**(Violation of the right to be free from arbitrary and capricious government action)**

123.     Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

124.     PeaceHealth conspired with the State of Washington to deprive Plaintiffs of their civil rights by agreeing to be the testing ground for the Vaccine Mandate and agreeing to change their medical and religious accommodation regimes to align with those of the State of Washington.

125.     PeaceHealth is a government actor for purposes of the Vaccine Mandate.

126.     Plaintiffs have a fundamental right to be free from arbitrary and capricious government action.

127.     PeaceHealth worked in concert with the Governor of Washington to deny vaccine accommodations and test the role out of the vaccine mandate.

128.     One or more the Plaintiffs had natural immunity which is at least as effective as vaccine immunity.

129.     The Vaccine immunity has been proven to wane over time.

130.     The mandated vaccine does not prevent infection or transmission, even if viewed through a rational basis analysis, Defendants' action(s), and the continuance thereof, are arbitrary and capricious, without limitation, by being contrary to the Center for Disease Control's own statements and COVID-19 guidance.

131.     The extension of the vaccine mandate past the end of the State of Washington's COVID-19 emergency, which terminated on October 31, 2022, is arbitrary and capricious.

132.     The Plaintiffs were damaged and continue to be damaged by Defendants' decision on arbitrary and capricious grounds to extend their unpaid administrative leave, and by Defendants' continuation of the vaccination mandate and refusal to reinstate them.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 30

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

## XI.   SIXTH CLAIM FOR RELIEF
### (Declaratory Relief)

133.     Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

134.     For all the forgoing reasons, Plaintiffs request that the Court declare PeaceHealth's COVID-19 vaccine requirement unlawful, unconstitutional, and unenforceable.

## XII.   SEVENTH CLAIM FOR RELIEF
### (Injunctive Relief)

135.     Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

136.     PeaceHealth's COVID-19 vaccine requirement threatens immediate and irreparable harm to Plaintiffs, including a loss of highly trained employees.

137.     Monetary damages or other remedies at law cannot adequately address the injury caused by the COVID-19 vaccine requirement as Plaintiffs cannot return to work at PeaceHealth until PeaceHealth rescinds the requirement.

138.     Balancing the hardships to Plaintiffs relative to the hardships to Defendants, extraordinary equitable relief is warranted.

139.     Permanent injunctive relief would not disserve the public interest, because it would enjoin unconstitutional and illegal action.

## XIII.   REQEST FOR RELIEF

**WHEREFORE, the Plaintiffs pray:**

140.     A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $10,000,000.00.

141.     A finding that Defendants have discriminated against Plaintiffs on the basis of Plaintiffs' sincerely held religious beliefs.

142.     A declaration from this Court that the Plaintiffs' right to be free from arbitrary and capricious government action has been infringed.

143.     A declaration from this Court that PeaceHealth has exceeded its authority.

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 31

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

144.     A declaration from this Court that the Plaintiffs are entitled to their wages and benefits.

145.     A preliminary and permanent injunction from being prevented from working for PeaceHealth based on vaccination status.

146.     Attorney fees and exemplary damages as authorized by 42 U.S.C. § 1988, other statute, contract or recognized ground of equity, as applicable.

147.     That the Plaintiffs be granted such other, further, and different relief as the nature of the case may require or as may be just, equitable, and proper to the Court.


**RESPECTFULLY SUBMITTED** this 12**TH** day of **December, 2022.**



**SILENT MAJORITY FOUNDATION**


*/s/Simon Peter Serrano*
Simon Peter Serrano, WSBA No. 54769
5238 Outlet Dr.
Pasco, WA 99301
(530) 906-9666
pete@silentmajorityfoundation.org

Counsel for Plaintiffs

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 32

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on this 12th day of December 2022, I electronically filed the foregoing

3

document with the Clerk of the United States District Court using the CM/ECF system which will

4

send notification of such filing to all parties who are registered with the CM/ECF system.

5

6

DATED this 12th day of December 2022.

7

8

9

_/s/Madeline Johnson_
Madeline Johnson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' CLASS ACTION
COMPLAINT FOR INJUNCTIVE
AND DECLATORY RELIEF
AND FOR DAMAGES- 33

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301