THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE ZIMMERMAN, *et al.,* | No.: 3:22-cv-05960-TMC |
| Plaintiff, | |
| v. | |
| PEACEHEALTH, | |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs submit the following document entered in recent, related litigation: *Bacon v. Woodward*, Ninth Circuit Court of Appeal, No.: 22-35611, issued on June 18, 2024.

DATED on this 6th day of August 2024.

SILENT MAJORITY FOUNDATION
*s/Simon Peter Serrano*
Simon Peter Serrano, WSBA #54769
Karen Louise Osborn, WSBA #51433
5238 Outlet Drive
Pasco, WA 99301
(509) 567-7083
pete@smfjb.org

Counsel for Plaintiffs

NOTICE OF SUPPLEMENTAL AUTHORITY          1

Silent Majority Foundation
5238 Outlet Dr.
Pasco, WA 99301

## CERTIFICATE OF SERVICE

I hereby certify that on August 6th, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

SILENT MAJORITY FOUNDATION

*/s/ Simon Peter Serrano*
Simon Peter Serrano
Counsel for Plaintiffs

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL BACON; ANDREA KERNKAMP; JOE HOWARTH; BRENNAN COOKE; TIM WHEELER; TOM HARVEY; JOEL BROSE; TANNER TOWNSEND; CURTIS SMITH; ISAIAH DEAN; NICHOLAS HOLMES; MATTHEW NORTON; JHAR FULLER; STEVEN HOWIE; JEFFREY BAXTER; ARIC PISA; DUANE WILCOX; DAVID HEIZER; JAMES BILLMAN; MARLIN THORMAN; JASON WEBSTER; TIMOTHY ARCHER; COREY BARKER; SCOTT MCCANN; CONNOR FOXWOTH, Firefighters, | No. 22-35611 <br><br> D.C. No. 2:21-cv-00296-TOR <br><br><br> OPINION |

*Plaintiffs-Appellants*,

  v.

NADINE WOODWARD, Mayor of
the City of Spokane; BRIAN
SCHAEFFER, Fire Chief; CITY OF
SPOKANE,

*Defendants-Appellees*,

and

JAY ROBERT INSLEE, Governor,
State of Washington; ROBERT
FERGUSON, Attorney General, State
of Washington,

>           *Intervenor-Defendants-*
>           *Appellees*.

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted September 14, 2023
Seattle, Washington

Filed June 18, 2024

Before:  Michael Daly Hawkins, Ryan D. Nelson, and
Daniel P. Collins, Circuit Judges.

Opinion by Judge R. Nelson;
Dissent by Judge Hawkins

# SUMMARY[*]

## Free Exercise Clause/COVID-19

The panel reversed the district court's grant of judgment on the pleadings to the City of Spokane and Washington state defendants, and remanded, in an action brought by City of Spokane firefighters who alleged that Governor Inslee's COVID-19 Proclamation, which required workers for state agencies to be fully vaccinated, violated the Free Exercise Clause as applied to them.

Plaintiffs alleged that Spokane refused to grant their religious exemption and accommodation requests, terminated them for failing to get vaccinated, and then turned to firefighters from neighboring fire departments to fill the gaps even though those fire departments granted religious accommodations to their employees.

The panel first held that plaintiffs' claims for retrospective and prospective relief were not moot even though the Proclamation was rescinded. Plaintiffs preserved their request for punitive damages through a timely appeal, and the district court could require Spokane to reinstate plaintiffs.

Turning to the merits of plaintiffs' as-applied Free Exercise challenge to Spokane and its officials' implementation of the Proclamation's religious accommodation policy, the panel held that strict scrutiny applied because Spokane's implementation of the policy was

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

not generally applicable. The policy exempted certain firefighters based on a secular criterion—being a member of a neighboring department—while holding firefighters who objected to vaccination on purely religious grounds to a higher standard.

The panel next held that, as alleged in the complaint, the City's application of the Proclamation was not narrowly tailored to advance the government's compelling interest in stemming the spread of COVID-19. Less restrictive steps could have been taken to accomplish the same compelling purpose, such as testing and masking, taking temperatures and continuing to social distance. Moreover, the Proclamation, as applied, was fatally underinclusive. By requiring its own employees to be vaccinated without accommodation while continuing to work with unvaccinated firefighters from other counties, Spokane's application of the Proclamation failed to fully account for the issues that would undermine its interest. Plaintiffs, therefore, plausibly alleged that Spokane applied the Proclamation in violation of the Free Exercise Clause. Finally, plaintiffs should have been given leave to amend their complaint.

Dissenting, Judge Hawkins would apply rational basis review to plaintiffs' as-applied claim. The City Defendants applied the Proclamation to their employees uniformly and treated medical and religious objectors the same. Allegations that pre-existing mutual aid agreements with neighboring fire departments allowed some unvaccinated firefighters from neighboring departments to operate within the City of Spokane were insufficient to plausibly show that the Proclamation, as implemented by the City Defendants, was not neutral or generally applicable. Under rational basis review, Judge Hawkins would affirm the order of the district

court. He would also conclude that the district court did not
abuse its discretion by denying leave to amend.

---

## COUNSEL

Nathan J. Arnold (argued) and Emmanuel F. Jacobowitz,
Arnold & Jacobowitz PLLC, Redmond, Washington; Robert
B. Johnston, Law Office of R. Bruce Johnston, Seattle,
Washington; for Plaintiffs-Appellants.

J. Chad Mitchell, Summit Law Group PLLC, Kennewick,
Washington; Elizabeth R. Kennar and Selby P. Brown,
Summit Law Group PLLC, Seattle, Washington; for
Defendants-Appellees.

Andrew R.W. Hughes (argued), Spencer W. Coates, and
Brian H. Rowe, Assistant Attorneys General, Office of the
Washington Attorney General, Seattle, Washington;
Zachary J. Pekelis, Special Assistant Attorney General,
Pacifica Law Group LLP, Seattle, Washington; Intervenors-
Defendants-Appellees.

## OPINION

R. NELSON, Circuit Judge:

Washington Governor Jay Inslee, by Proclamation, required workers for state agencies to be fully vaccinated against COVID-19. Though the Proclamation purported to broadly accommodate those with sincerely held religious beliefs, those accommodations were allegedly not given in practice. Plaintiffs, City of Spokane firefighters, allege that—as applied to them—the Proclamation violated the Free Exercise Clause. The district court dismissed that claim on the pleadings. We reverse.

I

Proclamations 21-14 and 21-14.1 (collectively "Proclamation") prohibited "[a]ny Health Care Provider from failing to be fully vaccinated against COVID-19 after October 18, 2021." The Proclamation also required a "sincerely held religious belief accommodation" to be granted in some cases.

Spokane firefighters are required to be licensed EMTs or paramedics, and they fall within the Proclamation's definition of "Health Care Provider" as a result. They were therefore subject to the Proclamation's vaccine requirement. The City "created a framework to evaluate exemption and accommodation requests." *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2021 WL 5183059, at \*1 (E.D. Wash. Nov. 8, 2021) ("*Bacon I*"). But after considering the individual requests, it "determined accommodating unvaccinated [firefighters] would impose an undue hardship," a Title VII standard. *Id.* The City "scheduled . . . hearings to allow [the firefighters] the opportunity to be heard," as required by

*Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). *Bacon I*, 2021 WL 5183059, at \*1. The hearings were ultimately unfruitful.   The City considered the firefighters' arguments, but once again determined that it could not grant the requested accommodations. *Id.* The firefighters have since been terminated for failing to get vaccinated.

Although Spokane refused to grant accommodation requests to its own firefighters, several other fire departments in Washington—each of which, no less than Spokane, were subject to the Proclamation—granted religious and medical accommodations to their firefighters. Some of those departments neighbored Spokane and had a mutual assistance agreement with Spokane under which their firefighters entered Spokane "on a daily basis to provide emergency services."

Private medical groups also operate within Spokane. One such company, American Medical Response, is a private medical transportation service that "provides emergency transport services within Spokane, including in conjunction with the Spokane Fire Department."  Though it "responds to tens of thousands of calls per year in the City of Spokane," it never adhered to a "strict requirement that all ambulance operators be vaccinated."

Plaintiffs, a group of firefighters, sued Mayor Nadine Woodward, Spokane Fire Chief Brian Schaeffer, and the City of Spokane (collectively, the "City Defendants").  The firefighters asserted several claims based on the City Defendants' refusal to allow them to work as firefighters

while unvaccinated.[1]  The firefighters alleged that the City Defendants "intend[ed] to terminate [the firefighters]." Governor Inslee and Attorney General Robert Ferguson (collectively, the "State Defendants") intervened to defend the Proclamation.

The firefighters moved for a temporary restraining order, which the district court denied.  The district court first clarified that the firefighters "challeng[ed] only the application of the vaccination requirement pursuant to the Proclamation." *Bacon I*, 2021 WL 5183059, at \*4.  And though the court did not "decide which standard"—rational basis review or strict scrutiny—applied, it concluded that "the City's vaccination requirement survives both strict scrutiny and rational basis." *Id.*

But the district court's strict-scrutiny analysis left much to be desired.  It first agreed with the parties that stemming the spread of COVID-19 was a compelling interest.  *Id*. Once that undisputed point was established, however, the district court's analysis fell short.  It limited its discussion of narrow tailoring to a single sentence.  To the district court, the Proclamation's vaccination requirement was "narrowly tailored in that it applies to a specific job sector whose employees come into regular contact with vulnerable segments of the public, particularly in emergency situations, and whose employees work in close contact with their peers and other healthcare professionals in other facilities." *Id*.

That conclusory sentence did not grapple with the firefighters' arguments in any meaningful way.  The firefighters explained in detail, for example, that Spokane

---

[1] We file concurrently with this opinion a non-precedential memorandum disposition addressing the other claims.

had "instituted masking and distancing rules well calculated to reduce" the spread of COVID-19 "long before vaccines became available." They also explained that, once they were terminated for declining to be vaccinated, "their role [would] have to be filled by the surrounding Fire Departments through mutual aid." And they explained that "every single Fire Department surrounding the City, including those with joint aid agreements, and the City's private ambulance contractors, are granting exemptions." This argument pointed directly to the Proclamation's underinclusiveness— as the firefighters explained, because of the Proclamation's application, "there will be more unvaccinated EMS workers."

The City Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), joined by the State Defendants. The firefighters responded, explaining why they considered judgment on the pleadings to be inappropriate. As a failsafe, they requested leave to amend.

The district court granted the motion, dismissing the federal claims with prejudice and the state claims without prejudice. *Bacon v. Woodward*, No. 2:21-CV-0296-TOR, 2022 WL 2381021, at *5 (E.D. Wash. June 30, 2022) ("*Bacon II*"). In once more rejecting the Free Exercise claim, the district court found it "unnecessary to revisit" the issue on which it had ruled in denying the temporary restraining order. *Id.* at *3. The same flawed analysis that pervaded its previous order thus carried the day again.

The firefighters appealed. While this appeal was pending, Governor Inslee terminated the COVID-19 state of emergency, including the Proclamation.

II

We review a judgment dismissing a case on the pleadings de novo. *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1037 (9th Cir. 2023). We "accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id.* (citation omitted). We affirm only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citation omitted). "We review for abuse of discretion a district court's decision to dismiss with prejudice." *Okwu v. McKim*, 682 F.3d 841, 844 (9th Cir. 2012).

III

Because we are required to assure ourselves of jurisdiction, we begin with a discussion of mootness. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("Federal courts are always under an independent obligation to examine their own jurisdiction." (cleaned up)).

For us to have jurisdiction, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "Due to the nature of the mootness inquiry, unlike standing, we must consider factual developments that occurred after the suit was filed." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 681 (9th Cir. 2023) (en banc) (citing *Meland v. Weber*, 2 F.4th 838, 849 (9th Cir. 2021)) ("*Fellowship*"). Our obligation to consider whether a case is moot includes a concurrent requirement to consider all possible arguments for why a case remains live. Both

obligations "stem[] from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Although the Proclamation is rescinded, the firefighters' claims both for retrospective relief and for prospective relief survive. Beginning with the easier of the two issues, the firefighters seek punitive damages for the harm that they suffered. A request for damages keeps a case alive. *See Uzuegbunam v. Preczewski*, 592 U.S. 279, 292 (2021) ("nominal damages satisf[y] the redressability element of standing"). And 42 U.S.C. § 1983 authorizes punitive damages against individual defendants sued in their personal capacities "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991) (citation omitted), *as amended on denial of reh'g* (June 16, 1992); *cf. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not available under § 1983 against municipalities).

Here, the firefighters plausibly assert that the individual City Defendants applied the Proclamation arbitrarily and capriciously, and that they thereby showed callous disregard to the firefighters' Free Exercise rights. At this stage, that is enough to state a claim for punitive damages. Whether the firefighters will ultimately succeed is a separate question. By timely appealing the dismissal of their case, the firefighters have preserved their request for punitive damages, and it thus remains a live issue.

We also conclude that the firefighters' request for prospective injunctive relief is live.  Though the Proclamation's rescission would ordinarily moot the firefighters' request for injunctive relief, *see Donovan v. Vance*, 70 F.4th 1167, 1170–72 (9th Cir. 2023), it does not do so here.  "The inquiry is whether the party seeking the injunction seeks to alter or maintain the status quo." *Fellowship*, 82 F.4th at 684.  Our cases recognize that the status quo is the "legally relevant relationship between the parties before the controversy arose."  *Id.* (quoting *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1061 (9th Cir. 2014)).

Here, the firefighters filed the Complaint before the Proclamation required them to get vaccinated and thereby violate their religious beliefs.  Since then, some firefighters lost their jobs because of the Proclamation.  These factual developments are relevant to our mootness analysis, as the request for prospective relief requires a return to the pre-termination status quo between the firefighters and Spokane. Thus, the last legally relevant relationship between the parties is the firefighters' gainful employment for Spokane. The district court could require Spokane to reinstate terminated firefighters, and the claim for injunctive relief thus remains live as well.  *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839–42 (9th Cir. 1997) (stating that reinstatement constitutes prospective injunctive relief); *see also Fellowship*, 82 F.4th at 684.

IV

Since we have jurisdiction, we turn to the merits of the firefighters' as-applied Free Exercise challenge to Spokane and its officials' implementation of the Proclamation's religious accommodation policy.  We begin from familiar

principles.    The Free Exercise Clause provides that
"Congress shall make no law . . . prohibiting the free
exercise [of religion.]"   U.S. CONST. amend. I.   The Free
Exercise Clause applies equally to the federal government
and to the states. *See Cantwell v. Connecticut*, 310 U.S. 296,
303 (1940).

We have explained that a law burdening religious
exercise is subject to "the most rigorous of scrutiny" unless
it is both neutral and generally applicable. *Fellowship*, 82
F.4th at 690 (quoting *Church of Lukumi Babalu Aye, Inc. v.
City of Hialeah*, 508 U.S. 520, 546 (1993) ("*Lukumi*")).
Strict scrutiny in the Free Exercise context "is not watered
down; it really means what it says." *Tandon v. Newsom*, 593
U.S. 61, 65 (2021) (per curiam) (quotations omitted).   Thus,
on strict-scrutiny review, "only those interests of the highest
order and those not otherwise served can over-balance
legitimate claims to the free exercise of religion." *Bowen v.
Roy*, 476 U.S. 693, 728 (1986) (O'Connor, J., concurring).
Put differently, if strict scrutiny applies, limits on religious
practice are unconstitutional absent a "showing that [the
limitation] is essential to accomplish an *overriding*
governmental interest." *United States v. Lee*, 455 U.S. 252,
257 (1982) (emphasis added).   Strict scrutiny also requires
that a law inhibiting religious belief or practice go only as
far as necessary to further the government interest.   States
cannot "justify an inroad on religious liberty" without first
"showing that it is the least restrictive means of achieving
some compelling state interest." *Thomas v. Rev. Bd. of Ind.
Emp. Sec. Div.*, 450 U.S. 707, 718 (1981).

Starting with neutrality, "[a] government policy will not
qualify as neutral if it is specifically directed at religious
practice." *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507,
526 (2022) (cleaned up).   "A policy can fail this test if it

discriminates on its face, or if a religious exercise is otherwise its object." *Id.* (cleaned up).

As for general applicability, "[a] government policy will fail the general applicability requirement if it 'prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way,' or if it provides 'a mechanism for individualized exemptions.'" *Id.* (quoting *Fulton v. City of Philadelphia*, 593 U.S. 522, 533–34 (2021)); *accord Fellowship*, 82 F.4th at 686. "[W]hether two activities are comparable for purposes of the Free Exercise Clause must be judged against the asserted government interest that justifies the regulation at issue." *Tandon*, 593 U.S. at 62 (citing *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 17–18 (2020) (per curiam)). Moreover, the "mere existence of a discretionary mechanism" for exemptions can trigger strict scrutiny, "regardless of the actual exercise." *Fellowship*, 82 F.4th at 687–88.

## A

We need not decide whether Spokane's implementation of the vaccine requirement was "neutral," because we conclude that the firefighters have plausibly pled that it was not "generally applicable."

This conclusion flows directly from the well-trodden principles addressed above. The Complaint alleges that, once unvaccinated firefighters were terminated, Spokane would turn to firefighters from neighboring fire departments to fill the gaps left by the firefighters' departure even though those fire departments granted religious accommodations to their employees. In other words, Spokane implemented a vaccine policy from which it exempted certain firefighters based on a secular criterion—being a member of a

neighboring department—while holding firefighters who objected to vaccination on purely religious grounds to a higher standard. The Free Exercise Clause prohibits governments from "treat[ing] comparable secular groups more favorably." *Fellowship*, 82 F.4th at 694. If the secular category of "firefighters from neighboring departments" is exempt from Spokane's policy, then the Free Exercise Clause mandates that religious objectors be granted equivalent accommodation. Had Spokane subjected unvaccinated out-of-department firefighters to the same standard, its implementation of the vaccine policy might well be generally applicable. But that is not this case. By continuing to work with unvaccinated firefighters from surrounding departments, Spokane undermined its interest and destroyed any claim of general applicability.

Resisting this straightforward conclusion, State Defendants argue that *Doe v. San Diego Unified School District*, 19 F.4th 1173 (9th Cir. 2021), requires us to find the vaccine mandate generally applicable. We disagree. *Doe* expressly held that, because the court's decision involved a likelihood of success analysis at the preliminary injunction stage, its analysis was "'persuasive but not binding' on future merits panels." *Id.* at 1177 n.4 (internal citation omitted). Putting that aside, *Doe* is materially distinguishable. True, it involved a challenge to a student vaccination mandate that is similar, at least superficially, to the Proclamation. *Id.* at 1175. But the similarities end there. In that case, the asserted government interest was "protecting student 'health and safety.'" *Id.* at 1178; *see also id.* at 1178 n.5 ("[T]he interest the District emphasizes most frequently in the record with respect to the student vaccination mandate is protecting the 'health and safety' of students."). Because the school district broadly asserted its

interest, we held that an exemption for medical reasons did
not undermine the district's interests. *Id.* at 1178. As we
explained, allowing medical, but not religious, exemptions
aligned with that broader interest of preserving student
health.

Here, similarly, the Proclamation's goal was "stop[ping]
the spread of COVID-19." If the firefighters' Free Exercise
claim rested on the existence of medical exemptions, *Doe*
might pose an obstacle. But *Doe* in no way hinders the
conclusion that, by allowing firefighters *from neighboring
counties* to work in Spokane, the City undermined its
asserted interest in enforcing the Proclamation against the
firefighters. The distinction between firefighters from
within the County and those from without in no way aligns
with or promotes the stated interest of the Proclamation. The
existence of an exemption on that basis is therefore sufficient
to trigger strict scrutiny.

B

Because the Proclamation is not generally applicable as
applied to the firefighters, it is subject to strict scrutiny. The
parties agree that, at the time of the Proclamation,
"[s]temming the spread of COVID-19 [wa]s unquestionably
a compelling interest," *Roman Cath. Diocese*, 592 U.S. at
18.

We focus instead on the second prong of the strict-
scrutiny test, which requires that the Proclamation be
essential to—or the least restrictive means of— furthering
the government's interest. We conclude that the Complaint
adequately alleges that the Proclamation's application to the
firefighters is not narrowly tailored to advance the
government's compelling interest in stemming the spread of
COVID-19.

First, the Complaint alleges at least three less restrictive ways that "[t]he Mayor, the Fire Chief, and the City could accomplish its same compelling purpose." They could "do[] what all surrounding fire departments are doing – testing and masking for COVID-19." They could "take temperatures and continue to social distance." And they could consider natural immunity. At this stage, we accept as true the allegation that these steps would have furthered the Proclamation's compelling interest of stopping the spread of COVID-19.

Second, the Proclamation, as applied, is fatally underinclusive. We have explained that a law "is not narrowly tailored if it is either underinclusive or overinclusive in scope." *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1125 (9th Cir. 2020). A law is underinclusive when it "plac[es] strict limits on" certain activities while allowing other activities that "create the same problem." *Reed v. Town of Gilbert*, 576 U.S. 155, 172 (2015). Put differently, a law that "fail[s] to prohibit nonreligious conduct"—or that fails to prohibit the religious conduct of some, but not others—fails narrow tailoring if that other permissible conduct "endangers these interests in a similar or greater degree." *Lukumi*, 508 U.S. at 543.

Here, "[t]he underinclusiveness of the [Proclamation] is self-evident" for the same reasons that it is not generally applicable. *First Nat'l Bank of Bos. v. Bellotti*, 435 U.S. 765, 793 (1978). Though the mandate applies to all firefighters employed in Spokane, it did not require firefighters from surrounding counties to be vaccinated if their County provided an accommodation. And those firefighters, notwithstanding Spokane's threat to terminate its own nominally exempted employees, continued to work within

city limits through mutual aid agreements.**2**  By requiring its own employees to be vaccinated without accommodation while continuing to work with unvaccinated firefighters from other counties, Spokane's application of the Proclamation failed to fully account for the issues that would undermine its interest.  What is more, this was clear from the start.  The Complaint alleged that, because of the Proclamation's application, "there will be <u>more</u> unvaccinated EMS workers."

In sum, the Complaint includes facts showing that the City's application of the Proclamation was not narrowly tailored.  Thus, it plausibly alleges a violation of the Free Exercise Clause.

V

For the reasons we have already explained, the district court improperly dismissed the Free Exercise claim.  We reverse on that ground.  But we are also troubled by the district court's denial of the firefighters' request for leave to amend their complaint.

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality."  *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (cleaned up).  Even if a complaint is deficient, "we have repeatedly held that 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'"  *Lopez*

---

2 At oral argument, counsel stated that many firefighters who lost their positions with Spokane later took up employment with neighboring fire departments that did the same jobs in Spokane.  Because this was not alleged in the Complaint, it does not factor into our analysis.

*v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)) (emphasis added).

As explained, the firefighters alleged an as-applied Free Exercise claim. Even putting aside the district court's error in considering the Complaint as filed, it should have allowed the firefighters to amend, as other facts only strengthen the original Complaint's allegations. Since the Complaint was filed, the Proclamation has been implemented. And oral argument revealed several facts that would further strengthen the Free Exercise claim. To name just a few, though the original Complaint alleged that unvaccinated firefighters from neighboring jurisdictions would step in once the firefighters were terminated, the firefighters could allege that what was once only a future absurdity happened in practice. Worse, the terminated firefighters could allege that they were hired by a neighboring jurisdiction that responds to emergencies in Spokane. The district court should have allowed an amendment so that, at a minimum, both of these allegations could be added to the Complaint. In failing to do so, the district court abused its discretion.

## VI

"[E]ven in a pandemic, the Constitution cannot be put away and forgotten." *Roman Cath. Diocese*, 592 U.S. at 19. Because the firefighters plausibly allege that Spokane applied the Proclamation in violation of the Free Exercise Clause, we reverse the district court's grant of judgment on the pleadings to defendants for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

HAWKINS, Circuit Judge, dissenting:

I respectfully dissent.  In an unpublished disposition filed simultaneously with this opinion, we reject plaintiffs' claim that the Proclamation facially violates the First Amendment's Free Exercise Clause and affirm the district court's dismissal of that claim.  In doing so, we determine that rational basis review applies to the facial claim.[1]  *See Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 687–88 (9th Cir. 2023) (en banc).

I would also hold that rational basis review applies to plaintiffs' as-applied claim.  The complaint alleges that the City Defendants applied the Proclamation to their employees uniformly and treated medical and religious objectors the same.  The complaint also alleges that other cities and entities adopted different policies and the City Defendants had pre-existing mutual aid agreements with some neighboring fire departments.  The complaint then predicts that, as a result of those pre-existing mutual aid agreements, some unvaccinated firefighters from neighboring departments may operate within the City of Spokane.  In my view, these allegations are insufficient to plausibly show that the Proclamation, as implemented by the City Defendants, is not neutral or generally applicable.  Therefore, I would conclude that rational basis review, rather than strict scrutiny, applies to plaintiffs' as-applied challenge just as it does to plaintiffs' facial challenge.  *See Parents for Privacy*

---

[1] We reached the same conclusion in another case involving a facial Free Exercise Clause challenge to the Proclamation.  *Pilz v. Inslee*, No. 22-35508, 2023 WL 8866565, \*2 (9th Cir. Dec. 22, 2023) (applying rational basis review to facial challenge to Proclamation and affirming dismissal of claim with prejudice).

*v. Barr*, 949 F.3d 1210, 1236 (9th Cir. 2020). Under rational basis review, I would affirm the order of the district court.

Additionally, I would conclude that the district court did not abuse its discretion by denying leave to amend. Although we liberally construe Rule 15(a)'s requirement that leave to amend "be freely given when justice so requires," *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), Rule 16(b)'s "good cause" standard governs here because the district court had already issued a pretrial scheduling order, which set a March 2, 2022 deadline for requesting leave to amend, *see* Fed. R. Civ. P. 16(b)(4); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Plaintiffs failed to offer any argument in support of their request for leave to amend or any explanation for their failure to amend prior to the deadline set in the scheduling order. Therefore, I would hold that the district court did not abuse its discretion in denying plaintiffs' belated and bare request for leave to amend. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").